UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>vs.<br><br>GINA McCARTHY, in her official capacity as Administrator of the United States Environmental Protection Agency,<br><br>Defendant. | Case No: C 13-5142 SBA<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Dkt. 27 |

This is a Clean Air Act ("CAA" or "the Act") citizen suit brought by the Center for Biological Diversity ("Plaintiff") to compel the United States Environmental Protection Agency ("EPA") to comply with certain of its mandatory reporting duties relating to National Ambient Air Quality Standards ("NAAQS"). The parties are presently before the Court on Plaintiff's Motion for Leave to File Third Amended Complaint. Dkt. 27. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion for the reasons set forth below.

I. **BACKGROUND**

Congress enacted the CAA, 42 U.S.C. §§ 7401-7671q, "to protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of its population[.]" Id. § 7401(b)(1). As part of the CAA, Congress charged the EPA with setting air quality standards or NAAQS for certain pollutants. 42

U.S.C. § 7409.  These standards, which are subject to periodic review and revision, specify the maximum allowable air concentration for a particular pollutant.  Id. §§ 7408, 7409(b).  Once a NAAQS is revised, each state must submit a State Implementation Plan ("SIP") to the EPA that "provides for implementation, maintenance, and enforcement of [the NAAQS] in each air quality control region (or portion thereof) within such State."  Id. § 7410(a)(1).  The CAA requires the EPA to make a finding that a state's SIP is complete or incomplete within sixty days of submission.  Id. § 7410(k)(1)(B).  If EPA finds the plan complete, it has twelve months to determine whether the plan meets the substantive requirements of the Act.  Id. § 7410(k)(2).

Plaintiff filed its initial Complaint on November 5, 2013, a First Amended Complaint on January 28, 2014, and a Second Amended Complaint ("SAC") on January 30, 2014.  Dkt. 1, 20, 22.  The SAC presents two claims, which allege that:  (1) the EPA has violated its statutory reporting duties under § 7410(k)(1)(B) in connection with the EPA's 2006 revised standards for particulate matter less than 2.5 microns in diameter ("2006 $PM_{2.5}$") with respect to the following areas:  Imperial County, Pittsburgh-Beaver Valley, Milwaukee-Racine and Tacoma; and (2)  the EPA has failed to take final action under § 7410(k)(2)-(4) to approve or disapprove, in whole or part, the 2006 $PM_{2.5}$ NAAQS nonattainment SIP submissions concerning the following areas:  Los Angeles, California; Charleston, West Virginia; San Joaquin Valley, California; Fairbanks, Alaska; and Stuebenville, Ohio/Weirton, West Virginia.  SAC ¶¶ 28-61.  The EPA filed its Answer to the SAC on March 14, 2014.  Dkt. 25.

On February 6, 2014, the Court entered a pretrial scheduling order, pursuant to Federal Rule of Civil Procedure 16.  See Order for Pretrial Preparation.  Dkt. 24.  Among other things, the Court set March 20, 2014, as the last date to amend the pleadings or add parties, and July 29, 2014, as the law and motion cut-off date.  Id.[1]  The Court did not set a trial date, as the parties indicated that they intend to file case-dispositive cross-motions for

---

[1] Rule 16(b)(3)(A) provides that "[t]he scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions."

summary judgment.  Dkt. 23.  Based on the Court's scheduling order and Civil Local Rule 7-2(b), said motions must be filed by no later than June 24, 2014.

On March 20, 2014, Plaintiff filed a Third Amended Complaint ("TAC") *without* first obtaining the consent of the EPA or leave of court.  Dkt. 26.  The TAC adds a third claim for relief ("Claim Three"), which alleges that the EPA violated § 7410(c)(1) by failing to discharge its duty to promulgate Federal Implementation Plans ("FIP") for various statewide "infrastructure" SIP requirements for Puerto Rico, Iowa, Alaska and Washington.  TAC ¶¶ 59-69.  The EPA advised Plaintiff that its filing of the TAC was improper because it failed to obtain the EPA's consent or leave of court, as required by Federal Rule of Civil Procedure 15(a)(2).  Plaintiff responded that the Court's pretrial scheduling order automatically permitted it to file a TAC by March 20, 2014.  Dkt. 27.  To resolve the disagreement regarding the propriety of the TAC, Plaintiff filed the instant motion for leave to amend on April 14, 2014.  Dkt. 27.  The EPA opposes the motion and requests that the Court strike the TAC.  Dkt. 28.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15 provides that leave to amend a complaint should be "freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Four factors are commonly used to determine the propriety of a motion for leave to amend.  These are:  bad faith, undue delay, prejudice to the opposing party, and futility of amendment."  Ditto v. McCurdy, 510 F.3d 1070, 1079 (9th Cir. 2007) (citations and internal quotation marks omitted).  Once a court has entered a Rule 16 pretrial scheduling order, consideration of a request to amend is not limited to Rule 15(a) but must first pass muster under Rule 16(b). See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992).  Rule 16(b) provides that deadlines established in a case management order may "be modified only for good cause[.]"  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  Id.; see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000).   Where the moving party has not

been diligent, the inquiry ends and the motion should be denied.  <u>Zivkovic v. S. Cal. Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002).

## III.     **DISCUSSION**

The deadline to amend the complaint or join parties was March 20, 2014.  <u>See</u> Order for Pretrial Prep. at 1.  Because Plaintiff filed the instant motion for leave to amend after that date, it must first demonstrate good cause under Rule 16 for its belated motion.  <u>See</u> <u>Johnson</u>, 975 F.2d at 608.  Plaintiff's motion neither mentions Rule 16 nor makes any attempt to show good cause.  Instead, Plaintiff asserts that the Court's scheduling order authorized it to unilaterally file a TAC.  Mot. at 8.  This contention lacks merit.  Plaintiff cite no legal authority, nor has the Court founds any, holding that the setting of a deadline to join parties or amend the pleadings under Rule 16(b)(3) necessarily waives the requirements of Rule 15(a)(2) to either obtain the opposing party's consent or leave of court before filing an amended pleading.  To the contrary, it is generally accepted that such deadline presumes that the party seeking to amend is required to submit its proposed amended pleading with the consent of the opposing party, or file a motion for leave to amend by the deadline if such consent is not forthcoming.  <u>C.f.</u> <u>Coleman v. Quaker Oats Co.</u>, 232 F.3d 1271, 1294 (9th Cir. 2000) ("the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before Jeney, Gentile, and Coleman moved to amend.").

Even if Plaintiff had shown good cause under Rule 16, the Court is not persuaded that leave to amend is warranted under Rule 15(a).  As an initial matter, Plaintiff unduly delayed in seeking to bring Claim Three.  <u>See</u> <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.").  Plaintiff claims that on January 9, 2014, it sent the EPA a notice of intent to sue letter which triggered a sixty day waiting period that, in turn, did not expire until March 10, 2014.  <u>See</u> Mot. at 7.  However, the factual basis for Claim Three arose in 2011, well

1  before the commencement of this action.  See Reply at 4 (stating that the "EPA's
2  mandatory duty to promulgate the FIPs in question in Claim Three of the Center's Third
3  Amended Complaint was triggered by EPA's publication of a different finding of failure to
4  submit in the Federal Register *on September 8, 2011*") (emphasis added).  As a result,
5  Plaintiff could have sent its notice of intent to sue letter well before January 9, 2014, which
6  would have facilitated its ability to include Claim Three in the prior pleadings.
7      Permitting Plaintiff to allege Claim Three at this juncture also would interfere with
8  the final resolution of the action.  The parties have notified the Court that they have reached
9  a settlement of the existing claims in the action which ultimately will be set forth in a
10 Consent Decree.  Dkt. 33.  Plaintiff alleges that if it is not allowed to pursue Claim Three in
11 this action, it will be forced to file a new action.  The Court notes, however, that Plaintiff
12 *routinely* files lawsuits in this Court against the EPA under the CAA and other
13 environmental statutes regarding a broad range of matters.  As a result, any claim of
14 inconvenience or prejudice resulting from having to bring a new action based on Claim
15 Three is uncompelling.

**IV.  CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT Plaintiff's Motion for Leave to File Third Amended Complaint is DENIED.  The Third Amended Complaint improperly filed on March 20, 2014, Dkt. 26, shall be STRICKEN from the record.

IT IS SO ORDERED.

Dated:  July 3, 2014

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge