SAM HIRSCH
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C.  20004
Telephone (202) 514-0375
Facsimile (202) 514-8865

Attorneys for Defendant

ROBERT UKEILEY, Admitted Pro Hac Vice
Law Office of Robert Ukeiley
255 Mountain Meadows Road
Boulder, CO 80302
Telephone: 303-442-4033
rukeiley@igc.org

[additional attorney for Plaintiff included in signature block]

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>            Plaintiff,<br><br>    v.<br><br>GINA McCARTHY, in her official capacity as the Administrator of the United States Environmental Protection Agency,<br><br>            Defendant. | Case No. 4:13-cv-5142-SBA<br><br>**JOINT MOTION TO ENTER CONSENT DECREE** |

Defendant Gina McCarthy, in her official capacity as Administrator of the United States Environmental Protection Agency ("EPA"), and Plaintiff Center for Biological Diversity ("CBD"), by and through the undersigned counsel (the "Parties"), hereby jointly move the Court to enter the attached Consent Decree (attached as Exhibit A). In support of this motion, the Parties state as follows:

1. Plaintiff's Second Amended Complaint (the "Complaint") in this action was filed pursuant to section 304(a)(2) of the Clean Air Act ("CAA"), 42 U.S.C. § 7604(a)(2), alleging that, *inter alia*, EPA failed to fulfill a nondiscretionary duty under CAA section 110(k)(1)(B), 42 U.S.C. § 7410(k)(1)(B), to find that certain states failed to submit nonattainment state implementation plans ("SIPs") for certain areas designated nonattainment for the 2006 fine particulate matter, or $PM_{2.5}$, National Ambient Air Quality Standard ("NAAQS"), *see* 2nd Am. Compl. ¶ 1 (Dkt. No. 22).

2. EPA finalized a rule, *Identification of Nonattainment Classification and Deadlines for Submission of State Implementation Plan (SIP) Provisions for the 1997 Fine Particle ($PM_{2.5}$) National Ambient Air Quality Standard (NAAQS) and 2006 $PM_{2.5}$ NAAQS*, 79 Fed. Reg. 31,566 (June 2, 2014), which establishes a deadline of December 31, 2014, by which states must submit SIPs complying with Subpart 4 of Part D, title I of the CAA requirements, and therefore, solely for the purpose of resolving this case, the parties agree that Claim 1 is moot.

3. Plaintiff also alleges that EPA failed to fulfill a nondiscretionary duty under CAA sections 110(k)(2)-(4), 42 U.S.C. §§ 7410(k)(2)-(4), to take final action to approve or disapprove, in whole or in part, certain 2006 $PM_{2.5}$ NAAQS nonattainment SIP submissions addressing nonattainment new source review from states for the five areas listed below, *see* 2nd Am. Compl. ¶ 1 (Dkt. No. 22):

| AREA/STATE |
|---|
| Los Angeles – South Coast, California |
| Charleston, West Virginia |

2

| AREA/STATE |
|---|
| Steubenville, Ohio-Weirton, West Virginia |
| San Joaquin Valley, California |
| Fairbanks, Alaska |

4. EPA took final action to redesignate two of the five nonattainment areas to attainment, *Final Rule*, 79 Fed. Reg. 17,884 (Mar. 31, 2014) (Charleston, West Virginia); *Final Rule*, 79 Fed. Reg. 15,019 (Mar. 18, 2014) (Steubenville, Ohio-Weirton, West Virginia), and therefore Claim 2 is moot as to these two areas.

5. The Parties negotiated and on July 17, 2014 lodged with the Court a proposed Consent Decree resolving the then remaining substantive claims in this suit (Dkt No. 36).

6. Clean Air Act section 113(g), 42 U.S.C. § 7413(g), requires EPA to provide notice to the general public and an opportunity for comment before any settlement is finalized or entered by the Court. That notice and comment process is now complete, and EPA received one public comment. That comment was not adverse to entry of the Consent Decree.

7. During the public comment period, on August 11, 2014, EPA took final action approving California's SIP revision addressing nonattainment new source review for 2006 $PM_{2.5}$ NAAQS for the San Joaquin Valley, *Final Rule*, 79 Fed. Reg. 55,637 (Sept. 17, 2014), and therefore Claim 2 is moot as to that area. The Consent Decree has been revised to address this change.

8. The revised Consent Decree resolves Plaintiff's claims with respect to the remaining two areas identified in the Complaint.

9. The Parties now request that the Court enter the revised Consent Decree.

10. In the revised Consent Decree, EPA and the Plaintiff state their agreement that the Consent Decree is fair, reasonable, and in the public interest. The Court should therefore enter the attached Consent Decree.

1  WHEREFORE, the Parties respectfully move the Court to enter the attached
2 Consent Decree.

3 COUNSEL FOR PLAINTIFF:

/s/ Robert Ukeiley (email authorization 9/30/14)
Robert Ukeiley, Admitted *Pro Hac Vice*
Law Office of Robert Ukeiley
255 Mountain Meadows Road
Boulder, CO 80302
Tel: 303-442-4033
Email: rukeiley@igc.org

Jonathan Evans (Cal. Bar #247376)
Center for Biological Diversity
351 California St., Suite 600
San Francisco, CA 94104
Phone: 415-436-9682 x318
Fax: 415-436-9683
email:  jevans@biologicaldiversity.org

*Attorneys for Plaintiff Center for Biological Diversity*

4

| | | |
|---|---|---|
| 1 | | |
| 2 | COUNSEL FOR DEFENDANT: | SAM HIRSCH |
| 3 | | Acting Assistant Attorney General |
| | | Environment & Natural Resources Division |

/s/ Leslie M. Hill
LESLIE M. HILL (D.C. Bar No. 476008)
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C.  20004
Tel. (202) 514-0375
Email: Leslie.Hill@usdoj.gov

*Attorneys for Defendant EPA*

Of counsel:

Stephanie Hogan
Karen Bennett Bianco
Office of General Counsel
U.S. Environmental Protection Agency

**[PROPOSED] ORDER**

Before the Court is the Parties' **JOINT MOTION TO ENTER CONSENT DECREE**.  Upon due consideration, and for good cause shown, the motion is hereby **GRANTED**.

**IT IS SO ORDERED**.

DATED this __14th__ day of _____October__, 2014.

_____
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE