SAM HIRSCH
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice
LESLIE M. HILL (D.C. Bar No. 476008)
Leslie.Hill@usdoj.gov
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C.  20004
Telephone (202) 514-0375
Facsimile (202) 514-8865

Attorneys for Defendant

ROBERT UKEILEY, Admitted Pro Hac Vice
Law Office of Robert Ukeiley
255 Mountain Meadows Road
Boulder, CO 80302
Telephone: 303-442-4033
rukeiley@igc.org

[additional attorney for Plaintiff included in signature block]

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

|  |  |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>GINA McCARTHY, in her official capacity as the Administrator of the United States Environmental Protection Agency,<br><br>　　　　　Defendant. | Case No. 4:13-cv-5142-SBA<br><br>**CONSENT DECREE** |

1   WHEREAS, on November 5, 2013, Plaintiff Center for Biological Diversity
2   ("Plaintiff" or "CBD") filed the above-captioned matter against Gina McCarthy, in her
3   official capacity as Administrator of the United States Environmental Protection Agency
4   (hereinafter "EPA" or "Defendant");
5   WHEREAS, Plaintiff filed its first amended complaint (Dkt. No. 20) on January
6   28, 2014, and its second amended complaint (Dkt. No.22) on January 30, 2014;
7   WHEREAS, Plaintiff alleges that EPA has failed to undertake certain non-
8   discretionary duties under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and
9   that such alleged failure is actionable under section 304(a)(2) of the CAA, 42 U.S.C. §
10  7604(a)(2);
11  WHEREAS, in Claim 1, Plaintiff alleges that EPA has failed to perform a duty
12  mandated by CAA section 110(k)(1)(B), 42 U.S.C. § 7410(k)(1)(B), to find that certain
13  states failed to submit nonattainment state implementation plans ("SIPs") for the
14  following areas designated nonattainment for the 2006 fine particulate matter, or $PM_{2.5}$,
15  National Ambient Air Quality Standard ("NAAQS"), *see* 2nd Am. Compl. ¶ 1 (Dkt. No.
16  22):

| AREA | STATE |
|---|---|
| Imperial County | California |
| Pittsburgh-Beaver Valley except nonattainment New Source Review element | Pennsylvania |
| Milwaukee-Racine except nonattainment New Source Review and emission inventories elements | Wisconsin |
| Tacoma Nonattainment New Source Review element | Washington |

25  WHEREAS, EPA finalized a rule, *Identification of Nonattainment Classification*
26  *and Deadlines for Submission of State Implementation Plan (SIP) Provisions for the 1997*
27  *Fine Particle ($PM_{2.5}$) National Ambient Air Quality Standard (NAAQS) and 2006 $PM_{2.5}$*
28  *NAAQS*, 79 Fed. Reg. 31,566 (June 2, 2014), which establishes a deadline of December

31, 2014, by which states must submit SIPs complying with Subpart 4 of Part D, title I of the CAA requirements;

WHEREAS, EPA believes issuance of the above-mentioned final rule renders Claim 1 therefore moot;

WHEREAS, EPA also promulgated a final rule redesignating the Milwaukee-Racine nonattainment area to attainment for the 2006 $PM_{2.5}$ NAAQS, rendering Claim 1 moot as to the Milwaukee-Racine area, *Redesignation of the Milwaukee-Racine 2006 24-Hour Fine Particle Nonattainment Area to Attainment*, 79 Fed. Reg. 22,415 (Apr. 22, 2014);

WHEREAS, in Claim 2, Plaintiff alleges that EPA has failed to perform a duty mandated by CAA sections 110(k)(2)-(4), 42 U.S.C. §§ 7410(k)(2)-(4), to take final action to approve or disapprove, in whole or in part, certain 2006 $PM_{2.5}$ NAAQS nonattainment SIP submissions addressing nonattainment new source review from states for the five areas listed below, *see* 2nd Am. Compl. ¶ 1 (Dkt. No. 22):

| AREA/STATE | ELEMENT |
|---|---|
| Los Angeles – South Coast, California | Non-Attainment New Source Review |
| Charleston, West Virginia | Non-Attainment New Source Review |
| Steubenville, Ohio-Weirton, West Virginia | Non-Attainment New Source Review |
| San Joaquin Valley, California | Non-Attainment New Source Review |
| Fairbanks, Alaska | Non-Attainment New Source Review; |

WHEREAS, on August 11, 2014, EPA took final action approving California's SIP revision addressing nonattainment new source review for 2006 $PM_{2.5}$ NAAQS for the

3

1  San Joaquin Valley, *Approval and Promulgation of Implementation Plans, State of*
2  *California, San Joaquin Valley Unified Air Pollution Control District, New Source*
3  *Review*, 79 Fed. Reg. 55,637 (Sept. 17, 2014), and therefore Claim 2 is moot as to that
4  area;
5        WHEREAS, EPA took final action to redesignate two of the five nonattainment
6  areas to attainment, *Approval of the Redesignation Requests and the Associated*
7  *Maintenance Plans of the Charleston Nonattainment Area for the 1997 Annual and the*
8  *2006 24-Hour Fine Particulate Matter Standards*, 79 Fed. Reg. 17,884 (Mar. 31, 2014)
9  (Charleston, West Virginia); *Approval of Redesignation Requests of the West Virginia*
10 *Portion of the Steubenville-Weirton, OH-WV Nonattainment Area for the 1997 Annual*
11 *and 2006 24-Hour Fine Particulate Matter Standards*, 79 Fed. Reg. 15,019 (Mar. 18,
12 2014) (Stuebenville, Ohio-Weirton, West Virginia);
13       WHERAS, as a result of the redesignation of the Charleston, West Virginia area
14 and the Steubenville, Ohio-Weirton, West Virginia area, West Virginia is no longer
15 required to submit nonattainment SIPs addressing nonattainment new source review with
16 respect to these areas;
17       WHEREAS, EPA has not taken final action pursuant to CAA sections 110(k)(2)-
18 (4), 42 U.S.C. §§ 7410(k)(2)-(4), to approve or disapprove, in whole or in part, certain
19 plan submissions, with respect to the remaining two nonattainment areas;
20       WHEREAS, the relief requested in the Second Amended Complaint includes,
21 among other things, an order from this Court to establish a date certain by which EPA
22 must fulfill its obligations for both Claims 1 and 2;
23       WHEREAS, Plaintiff and EPA have agreed to a settlement of this action without
24 admission of any issue of fact or law, except as expressly provided herein;
25       WHEREAS, Plaintiff and EPA, by entering into this Consent Decree, do not
26 waive or limit any claim, remedy, or defense, on any grounds, related to any final EPA
27 action;
28

WHEREAS, Plaintiff and EPA consider this Consent Decree to be an adequate and equitable resolution of all the claims in this matter and therefore wish to effectuate a settlement;

WHEREAS, it is in the interest of the public, Plaintiff Center for Biological Diversity, Defendant EPA, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, Plaintiff and EPA agree that this Court has jurisdiction over this matter pursuant to the citizen suit provision in CAA section 304(a)(2), 42 U.S.C. § 7604(a)(2), and that venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(e) and N.D. Cal. Civ. Local Rule 3-2(c)-(d);

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the Clean Air Act;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issues of fact or law, and upon the consent of Plaintiff Center for Biological Diversity and Defendant EPA, it is hereby ordered, adjudged and decreed that:

1. The appropriate EPA official shall sign a notice of final rulemaking to approve, disapprove, or approve in part and disapprove in part, certain plans pursuant to sections 110(k)(2)-(4) of the CAA, 42 U.S.C. §§ 7410(k)(2)-(4), no later than the date indicated below for the following areas designated nonattainment for the 2006 $PM_{2.5}$ NAAQS:

   a. Los Angeles – South Coast, California area by April 15, 2015; and

   b. Fairbanks, Alaska area by December 31, 2014.

2. If either California or Alaska withdraws its above-listed submittal, then EPA's obligation to take the action required by Paragraph 1 is automatically terminated.

3. EPA shall, within 15 days of signature, deliver notice of each action taken pursuant to paragraph 1 of this Consent Decree to the Office of the Federal Register for review and publication.

4. After EPA has completed the actions set forth in Paragraph 1 of this Consent Decree and after notice of each final action required by paragraph 1 has been published in the Federal Register and the issue of costs of litigation, including attorneys fees has been resolved, EPA may move to have this Decree terminated and the action dismissed. Plaintiff shall have fourteen (14) days in which to respond to such a motion, unless the parties stipulate to a longer time for Plaintiff to respond.

5. The deadlines established by this Consent Decree may be extended (a) by written stipulation of Plaintiff and EPA with notice to the Court, or (b) by the Court upon motion of EPA for good cause shown pursuant to the Federal Rules of Civil Procedure and upon consideration of any response by Plaintiff and any reply by EPA.

6. If a lapse in appropriations occurs within one hundred and twenty (120) days prior to the deadline in Paragraph 1 in this Decree, that deadline shall be extended automatically one day for each day of the lapse in appropriations.

7. Plaintiff and EPA agree that this Consent Decree shall constitute a complete and final settlement of all claims that Plaintiff has asserted against the United States, including EPA, under any provision of law in connection with *Center for Biological Diversity v. McCarthy*, Case No. 4:13-cv-5142-SBA (N.D. Cal.).  The Center for Biological Diversity therefore discharges and covenants not to sue the United States, including EPA, for any such claims.

8. In the event of a dispute between Plaintiff and EPA concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice outlining the nature of the dispute and requesting informal negotiations.  These parties shall meet and confer in order to attempt to resolve the dispute.  If these parties are unable to resolve the dispute within ten (10) business days after receipt of the notice, either party may petition the Court to resolve the dispute.

9. No motion seeking to enforce this Consent Decree or for contempt of Court shall be properly filed unless the procedure set forth in Paragraph 8 has been followed,

and the non-moving party has been provided with written notice at least ten (10) business days before the filing of such motion.

10. The deadline for filing a motion for costs of litigation (including attorney fees) for activities performed prior to entry of the Consent Decree is hereby extended until ninety (90) days after this Consent Decree is entered by the Court.  During this period, the Parties shall seek to resolve informally any claim for costs of litigation (including attorney fees), and if they cannot, the Center for Biological Diversity will file a motion for costs of litigation (including attorney fees) or a stipulation or motion to extend the deadline to file such a motion.  EPA reserves the right to oppose any such request.

11. This Court shall retain jurisdiction over this matter to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including attorney fees.

12. Nothing in the terms of this Consent Decree shall be construed  (a) to confer upon this Court jurisdiction to review any issues that are within the exclusive jurisdiction of the United States Courts of Appeals under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1), including final action take pursuant to section 110(k) of the CAA, 42 U.S.C. § 7410(k), approving, disapproving, or approving in part and disapproving in part a SIP submittal or (b) to waive any claims, remedies, or defenses that the parties may have under CAA section 307(b)(1), 42 U.S.C. § 7607(b)(1).

13. Nothing in this Consent Decree shall be construed to limit or modify any discretion accorded EPA by the Clean Air Act or by general principles of administrative law in taking the actions which are the subject of this Consent Decree, including the discretion to alter, amend, or revise any final actions promulgated pursuant to this Consent Decree.  EPA's obligation to perform each action specified in this Consent Decree does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

14. Except as expressly provided herein, nothing in this Consent Decree shall be construed as an admission of any issue of fact or law nor to waive or limit any claim, remedy, or defense, on any grounds, related to any final action EPA takes with respect to the actions addressed in this Consent Decree.

15. Plaintiff reserves the right to seek additional costs of litigation, including reasonable attorney fees, incurred subsequent to entry of this Consent Decree and arising from Plaintiff's need to enforce or defend against efforts to modify its terms or the underlying schedule outlined herein, or for any other unforeseen continuation of this action.  EPA reserves the right to oppose any such request for additional costs of litigation, including reasonable attorney fees.

16. It is hereby expressly understood and agreed that this Consent Decree was jointly drafted by Plaintiff and EPA.  Accordingly, the parties hereby agree that any and all rules of construction to the effect that ambiguity is construed against the drafting party shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of this Consent Decree.

17. The parties agree and acknowledge that before this Consent Decree can be finalized and entered by the Court, EPA must provide notice of this Consent Decree in the Federal Register and an opportunity for public comment pursuant to CAA section 113(g), 42 U.S.C. § 7413(g).  After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with CAA section 113(g).  If the Administrator and/or the Attorney General do not elect to withdraw or withhold consent, EPA shall promptly file a motion that requests that the Court enter this Consent Decree.

18. Any notices required or provided for by this Consent Decree shall be in writing, via electronic mail or other means, and sent to the following (or to any new address of counsel as filed and listed in the docket of the above-captioned matter, at a future date):

For Plaintiff Center for Biological Diversity:

>Robert Ukeiley
>Law Office of Robert Ukeiley
>255 Mountain Meadows Road
>Boulder, CO 80302
>Tel: 303-442-4033
>Email: rukeiley@igc.org
>
>Jonathan Evans (Cal. Bar #247376)
>Center for Biological Diversity
>351 California St., Suite 600
>San Francisco, CA 94104
>Tel. 415-436-9682 x318
>Email:  jevans@biologicaldiversity.org

For Defendant EPA:

>Leslie M. Hill
>U.S. Department of Justice
>Environment & Natural Resources Division
>Environmental Defense Section
>601 D Street N.W., Suite 8000
>Washington D.C.  20004
>Tel. (202) 514-0375
>Email: Leslie.Hill@usdoj.gov

19. EPA and Plaintiff recognize and acknowledge that the obligations imposed upon EPA under this Consent Decree can only be undertaken using appropriated funds legally available for such purpose.  No provision of this Consent Decree shall be interpreted as or constitute a commitment or requirement that the United States obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

20. If for any reason the Court should decline to approve this Consent Decree in the form presented, this agreement is voidable at the sole discretion of either party and the terms of the proposed Consent Decree may not be used as evidence in any litigation between the parties.

21. The undersigned representatives of Plaintiff Center for Biological Diversity and Defendant EPA certify that they are fully authorized by the party they represent to consent to the Court's entry of the terms and conditions of this Decree.

SO ORDERED on this __14th__ day of _____October__, 2014.

_____
SAUNDRA BROWN ARMSTRONG
UNITED STATES DISTRICT JUDGE

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

COUNSEL FOR PLAINTIFF:

/s/ Robert Ukeiley (email authorization 9/26/14)
Robert Ukeiley, Admitted *Pro Hac Vice*
Law Office of Robert Ukeiley
255 Mountain Meadows Road
Boulder, CO 80302
Tel: 303-442-4033
Email: rukeiley@igc.org

Jonathan Evans (Cal. Bar #247376)
Center for Biological Diversity
351 California St., Suite 600
San Francisco, CA 94104
Phone: 415-436-9682 x318
Fax: 415-436-9683
email:  jevans@biologicaldiversity.org

*Attorneys for Plaintiff Center for Biological Diversity*

COUNSEL FOR DEFENDANT:   SAM HIRSCH
Acting Assistant Attorney General
Environment & Natural Resources Division

/s/ Leslie M. Hill
LESLIE M. HILL (D.C. Bar No. 476008)
Environmental Defense Section
601 D Street N.W., Suite 8000
Washington D.C.  20004
Tel. (202) 514-0375
Email: Leslie.Hill@usdoj.gov

*Attorneys for Defendant EPA*

Of counsel:

Stephanie Hogan
Karen Bennett Bianco
Office of General Counsel
U.S. Environmental Protection Agency